

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-7-2004

# Scorsone v. Local 1245

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1491

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Scorsone v. Local 1245" (2004). *2004 Decisions.* Paper 1110.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1110

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-1491
_____

BARBARA SCORSONE

v.

UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 1245;
UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 1245 HEALTH
PLAN, MAGNACARE; ABC CORPORATIONS 1-100; JOHN DOES 1-10, (being
fictitiously named companies and/or individuals whose identities are presently unknown)

United Food and Commercial Workers
Union Local 1245 Health Plan, Magnacare,

Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. Civil No. 00-cv-05121)
District Judge: The Honorable William H. Walls

_____

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2003

BEFORE: SCIRICA, Chief Judge, NYGAARD, and AMBRO, Circuit Judges.

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

I.

In this appeal, appellants (collectively, "the Union") challenge the District Court's denial of their motion for summary judgment, its decision to conduct a bench trial, its determination that they acted arbitrarily and capriciously and its award of attorneys' fees.  We have jurisdiction under 28 U.S.C. § 1291 and will affirm.

II.

Because we write only for the benefit of the parties we address only those facts particularly relevant to our analysis and conclusion.  In 1993, Appellee Barbara Scorsone, the wife of a Union member and covered person under the Union's health plan (the health plan, its board of trustees and administrators are collectively referred to as "the Fund"), began experiencing drooping in her eyelids.  Between 1993 and 1999, Scorsone saw a bevy of doctors in order to address this medical issue, its possible causes and several complications she believed were related to it.  In 1999, Scorsone began seeing Dr. Ralph Mauriello, an opthamologist specializing in plastic surgery.  Mauriello had, prior to treating Scorsone, performed ptosis repair surgery on Scorsone's brother for a similar

problem involving drooping eyelids. After seeing Scorsone, Mauriello determined that she could also be aided by this surgery. Scorsone elected to proceed with the surgery.

On July 6, 1999, Mauriello sent a letter to the Fund advising it of Scorsone's election to undergo the surgery and several diagnostic test results supporting the surgery. In addition, Mauriello advised the Fund that due to Scorsone's dry eye she would undergo the surgery for her two eyes sequentially. At the conclusion of this letter, Mauriello thanked the Fund "in advance for [its] approval for this surgery." In response to this letter Mauriello was provided with pre-notification numbers for each surgery.[1]

On August 23, 1999, Mauriello performed surgical ptosis repair on Scorsone's left eye and on November 11, 1999 he performed the surgery on her right eye.

After the first surgery, the Fund sent Scorsone's claim regarding the ptosis repair to its third party claims management company for peer review. The information provided to this company, which included Mauriello's July 6, 1999 letter and several medical reports from the doctors Scorsone had seen between 1993 and 1999, was forwarded to Dr. Peter Laino for peer review. By letter dated August 31, 1999, Laino, an associate professor of opthamology, offered his opinion that the ptosis repair

---

1. During the bench trial, representatives of the Fund were clear that they do not engage in pre-approval of procedures. Instead, the Fund wishes to be notified of upcoming procedures and only after they are completed and billed does it determine whether the procedures are covered.

3

recommended by Mauriello was "ill conceived" medically and that "[c]osmetically it may be desireable [sic] but that is a separate consideration." (App. 263.) Based on this letter, the Fund decided that the procedure was cosmetic and, for that reason, denied Scorsone's claim. On December 28, 1999, after both surgeries had been conducted and Mauriello had been partially paid,[2] Scorsone received a denial of benefits letter from the Fund.

In response to the denial letter, Scorsone submitted additional information to the Fund through her husband and Mauriello. This information included a letter from her husband regarding the benefits of the surgery and a letter from Mauriello explaining that the surgery was medically necessary, and not done for cosmetic reasons. Mauriello also included the surgical operative record and photographs of Scorsone's eyes. The Fund did not forward this additional material to Laino. Instead, the Fund denied Scorsone's appeal.

Scorsone filed suit seeking, among other relief, compensatory damages and attorneys' fees. Because her claims fell under the Employee Retirement Income Security Act's ("ERISA's") pre-emptive umbrella it was removed to the District Court. 29 U.S.C. §§ 1001-1461. After denying the Union's motion for summary judgment and conducting a bench trial, the District Court found in favor of Scorsone and awarded her both compensatory damages and attorneys' fees. This appeal followed.

---

2.      The Fund explained that partial payments made to Mauriello were in error. Whether this is accurate is not relevant to our analysis.

4

III.

Initially, the Union argues that the District Court erred in conducting a bench trial on Scorsone's claims. The Union claims that because the District Court was only permitted to consider the evidence presented to the Fund it should have looked only at the documentary evidence and acted improperly in conducting a bench trial. The Union is incorrect that conducting a bench trial was beyond the limits of the District Court's review. While it is true that the District Court could consider only the information that was available to the Fund when it made its decisions, *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 440 (3d Cir. 1997), this does not imply that the District Court was prevented from conducting a bench trial to determine what that information was. Through the use of a bench trial and live testimony, the District Court was able to more fully understand what the Fund relied upon in denying Scorsone's claim.

The heart of the Union's appeal is that the District Court erred by finding that the Fund acted arbitrarily and capriciously by denying Scorsone's claim for her surgical ptosis repair. When an ERISA plan gives the administrator discretion to award benefits and construe the terms of the plan a court reviews the administrator's actions only to determine if they were arbitrary and capricious. *Abnathya v. Hoffman-La Roche, Inc.*, 2 F.3d 40, 44-45 (3d Cir. 1993). The parties do not dispute that this plan gave the

5

Fund's administrators such discretion. Thus, we, like the District Court, are limited to determining whether the Fund's denial of benefits was arbitrary and capricious.

According to the Union, the Fund properly relied upon the opinion of Laino in denying Scorsone's claim and such reliance was well within its discretion. We disagree. As the District Court noted, if Laino had received all the information Scorsone and Mauriello provided to the Fund during their appeal and affirmed his initial opinion, then the Fund's denial of Scorsone's claim would likely be within its discretion. Instead, the Fund failed to supply Laino with this additional information and decided to simply deny Scorsone's claim without obtaining a medical opinion that considered this new evidence. At trial, a Fund administrator who had no medical training stated that she determined that the information supplied in response to the Fund's initial denial was not new and, therefore, Scorsone's appeal was turned down without further consultation with Laino or any other medical professional. As the District Court noted, this is not a case of the Fund favoring the opinion of one doctor over the opinion of another. *See, e.g.,* *Abnathya*, 2 F.3d at 47-48 (explaining that the Sixth Circuit has held that ERISA plan administrators may, within their discretion, rely on a single independent medical evaluation to deny benefits and holding that reliance on two such medical evaluations was "clearly not unreasonable"). Instead, this is a case where the Fund, without requesting the opinion of a doctor or other medical professional, denied Scorsone's appeal of the denial of her claim in the face of medical evidence and a medical opinion submitted by

6

Mauriello that supported the payment of that claim. By failing to forward this information on to Laino so that he could consider it in reference to his initial opinion and, instead, simply discounting the new information and affirming the denial of Scorsone's claim, the Fund acted in an arbitrary and capricious manner. *See, e.g., Lain v. UNUM Life Ins. Co. of Am.*, 279 F.3d 337, 342 (5th Cir. 2002) (holding that a plan's denial of a claim for benefits in the face of medical evidence supportive of that claim is an abuse of discretion when that denial is not founded on "concrete evidence"). Accordingly, the District Court was correct in both denying the Union's motion for summary judgment and finding in favor of Scorsone after the bench trial.

Finally, the Union claims that the District Court erred by awarding attorneys' fees to Scorsone. In ERISA cases, a District Court is permitted to award attorneys' fees after it determines:

1) the offending parties' culpability or bad faith;
2) the ability of the offending parties to satisfy an award of attorneys' fees;
3) the deterrent effect of an award of attorneys' fees against the offending parties;
4) the benefit conferred on members of the pension plan as a whole; and
5) the relative merits of the parties' position.

*Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983). We review the District Court's decision regarding attorneys' fees for abuse of discretion. *McPherson v. Employees' Pension Plan of Am. Re-Ins. Co.*, 33 F.3d 253, 256 (3d Cir. 1994).

7

It is clear that the District Court did not abuse its discretion in awarding fees. The District Court applied each of the *Ursic* factors to the facts and adequately analyzed those factors. In particular, the District Court found that the Fund's actions were culpable, the Fund was able to satisfy the fee award and the Fund's participants would be benefitted by the deterrent effect such an award would have on the Fund. The District Court's analysis was sound and its award of fees was well within its discretion.

IV

For the foregoing reasons we will affirm the District Court's judgment in favor of Scorsone, its use of a bench trial and its award of attorneys' fees.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Richard L. Nygaard

_____
Circuit Judge